Reyna Lubin, Esq. (NY# 5540570) (*pro hac vice* to be filed)
EISENBERG & BAUM, LLP
24 Union Square East, Penthouse
New York, NY 10003
212-353-8700 (tel.)
917-591-2875 (fax)
rlubin@eandblaw.com

John K. Buche (SBN 239477) (Local Counsel)
THE BUCHE LAW FIRM, P.C.
901 S MoPac Expy, Bldg. 1, #300
Austin, TX 78746
Tel: (512) 215-4997
jbuche@buchelaw.com

*Attorneys for Plaintiff*
*Jamira Burley*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIRA BURLEY, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC. <br><br> Defendant. | Civil Action No.: 4:25-cv-00215 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Jamira Burley, by and through her attorneys, Eisenberg & Baum, LLP, as and for her Complaint against Defendant Apple Inc., states as follows:

## PARTIES

1. Plaintiff Jamira Burley (hereinafter referred to as "Plaintiff") is an individual residing in Oakland, California.

2. Defendant Apple Inc. (hereinafter referred to as "Defendant" or "Apple") is a domestic corporation organized pursuant to the laws of the California with a principal address located at One Apple Park Way, Cupertino, California 95014.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under federal law. This Court also has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant has sufficient contacts with this District to subject them to personal jurisdiction at the time this action is commenced, and the acts and omissions giving rise to this Complaint occurred within this District.

## STATEMENT OF FACTS

5. Ms. Jamira Burley is an extremely decorated human rights activist and was heavily sought after by Defendant for the role of Strategic Initiatives Lead: Worldwide Education Strategy.

6. Ms. Burley became employed by Defendant in August 2022 when she accepted the position of Strategic Initiatives Lead: Worldwide Education Strategy with Defendant and relocated from Portland, Oregon to Oakland, California.

7. Since her employment with Defendant began, Defendant praised Ms. Burley's work performance and highlighted her work and activism at the company.

8. Despite receiving praise for her performance in her role, Ms. Burley has been subjected to Defendant's campaign of racial and gender discrimination and retaliation.

9. Defendant's discriminatory conduct began at the start of Ms. Burley's employment when she was offered a lower base salary and stock options compared to her white, male colleagues.

10. Notably, Ms. Burley was paid less than Eric McIntosh who is employed as Worldwide Higher Education, Strategic Lead and Damone Jones who is employed as Worldwide Education Development Lead.

11. Upon information and belief, Ms. Burley's job required substantially similar skills, effort, and responsibilities as the jobs of these two male employees.

12. Additionally, Defendant required the entire Worldwide team to work out of Cupertino, California. However, Defendant provided Mr. Jones the flexibility to stay in Washington D.C. while forcing Ms. Burley to relocate to California, despite Mr. Jones and Ms. Burley being hired around the same time.

13. Ms. Burley was subjected to further discriminatory conduct by her supervisors, Karen Cator and Alexa Joyce.

14. Indeed, Ms. Burley has been the only black woman on her worldwide team.

15. Throughout her employment, Ms. Cator excluded Ms. Burley from project meetings and email communications (which did not exclude her white colleagues), made negative comments about Ms. Burley's braids, and openly dismissed Ms. Burley's opinions as a black woman.

16. On one occasion, Ms. Burley raised concerns about traveling for work to certain areas that could be dangerous for persons of color and suggested that Apple establish an emergency response protocol.

17. After Ms. Burley raised this concern, Ms. Cator began denying Ms. Burley's travel requests and started documenting alleged problems with her work performance.

18. Additionally, Ms. Cator told Ms. Burley that she may be "too progressive" for Defendant in response to Ms. Burley's proposals on diversity initiatives.

19. Ms. Cator also advised Ms. Burley to encourage people of color to apply at other companies, as Ms. Cator indicated to Ms. Burley that she was the diversity hire.

20. Ms. Burley voiced complaints of Defendant's mistreatment of her by excluding her from meetings and communications to her supervisors.

21. However, after Ms. Burley complained about Defendant's mistreatment of her, Defendant continued to exclude Ms. Burley and informed her that she would no longer be able to travel outside of the United States for work.

22. In an additional act of racial discrimination and retaliation, upon returning from her five-week disability leave, Ms. Burley's new supervisor, Alexa Joyce, offered her a severance package on the recommendation of her previous supervisor, Ms. Cator.

23. Ms. Burley was shocked and distraught by this offer as she had never received a negative performance review and was instead praised by Defendant for her job performance and received a bonus—despite Defendant failing to provide her with proper support and resources.

24. Additionally, when Ms. Burley's brother died, Defendant threatened to deny her request for bereavement leave unless she provided proof. However, Defendant changed its position when Ms. Burley inquired about what proof would be sufficient. Upon information and belief, white colleagues were not asked or required to submit proof for bereavement leave.

25. Furthermore, since Ms. Burley's legal counsel sent Defendant a demand letter outlining discrimination claims, Ms. Burley was further excluded from client and team meetings and communications.

26. Defendant also placed Ms. Burley performance improvement plan ("PIP"), which was extended on September 9, 2024, without any legitimate business purpose.

27. Although Ms. Burley completed the PIP, Defendant extended it by 30 days without providing substantive performance goals.

28. The extension of the PIP resulted in Ms. Burley being disqualified from receiving her annual bonus, because her completion of the PIP could not be included in her annual performance review.

29. When Ms. Burley inquired about the reason for the PIP extension, Ms. Joyce

informed her that she did not believe Ms. Burley would actually complete the PIP and assumed Ms. Burley would have accepted the severance package instead.

30. Indeed, when Ms. Burley's PIP began, Ms. Joyce took a two-week vacation even though the PIP required Ms. Burley to check in with her supervisor daily.

31. Additionally, Defendant hindered Ms. Burley's efforts to complete the PIP by scheduling mandatory meetings as early as 6:00 AM and failing to provide Ms. Burley with critical background or budgetary information ahead of these meetings.

32. As a result of her employment experience, Ms. Burley has suffered from emotional distress.

33. Due to this emotional distress, Ms. Burley's therapist and primary care physician recommended her to take a short-term disability leave due to the depression and anxiety she has been experiencing, which has resulted in hair loss and panic attacks.

34. Ms. Burley filed a Charge of Discrimination with the State of California's Civil Rights Department and received her Right to Sue letter on September 12, 2024.

35. Ms. Burley filed a Charge of Discrimination with the Equal Employment Opportunity Commission and received a Right to Sue letter on October 11, 2024.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Discrimination in Violation of Section 1981)

36. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above as if set forth more fully and at length herein.

37. By the actions described above, among others, Defendant discriminated against Plaintiff on the basis of her race and color in violation of Section 1981 by denying her the same terms and conditions of employment available to employees of other races, including but not limited to, subjecting her to disparate working conditions and a hostile work environment, and denying her terms and conditions of employment equal to that of employees who are not black.

38. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Plaintiff suffered and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of damages.

39. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Plaintiff suffered, and continues to suffer, emotional distress of which she is entitled to an award of compensatory damages.

40. Defendant's unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under Section 1981 for which Plaintiff is entitled to an award of punitive damages. In addition, Defendant is liable for interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION

### (Retaliation in Violation of Section 1981)

41. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above as if set forth more fully and at length herein.

42. Defendant's retaliation due to Plaintiff's complaints of harassment and a hostile-work environment based on her race, as well as her complaints of retaliation, violated Section 1981.

43. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Plaintiff suffered and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of damages.

44. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Section 1981, Plaintiff suffered, and continues to suffer, mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

45. Defendant's unlawful and retaliatory actions constitute malicious, willful, and wanton violations of Section 1981 for which Plaintiff is entitled to an award of punitive

damages. In addition, Defendant is liable for interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION

**(Hostile Work Environment Based on Race and Gender in Violation of Title VII)**

46. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above as if set forth more fully and at length herein.

47. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., prohibits racial and gender harassment in the workplace.

48. Defendant's actions and inactions created a work environment that was objectively and subjectively offensive, severe and pervasive, and based on Plaintiff's race and gender, as set forth above.

49. Plaintiff deserved to retain her employment free of racial and gender harassment with Defendant. Nevertheless, Defendant denied Plaintiff the benefits of employment, including all favorable conditions and emoluments thereof and created and allowed to exist a hostile, intolerable workplace exposing Plaintiff to racial and gender harassment by the actions and inactions of its employees and managers, of which Defendant was well aware of and without any non-discriminatory and non-harassing basis therefor.

50. Defendant's actions were taken under circumstances giving rise to an inference of discrimination.

51. As a direct and proximate result of Defendant's acts and omissions, Plaintiff suffered emotional distress and adverse employment consequences. Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

## FOURTH CAUSE OF ACTION

**(Violation of the Equal Pay Act of 1963)**

52. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above as if set forth more fully and at length herein.

53. The Equal Pay Act prohibits discrimination in employment "on the basis of sex" by paying disparate wages "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d).

54. Plaintiff deserved to receive equal pay as her male co-workers who held substantially similar positions that required substantially similar skill, effort, and responsibility under similar working conditions. Nevertheless, Defendant denied Plaintiff the benefit of employment, including all favorable conditions and emoluments thereof, because of Plaintiff's gender (female) and without any non-discriminatory basis thereof.

55. Defendant's actions were taken under circumstances giving rise to an inference of discrimination.

56. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered emotional distress and adverse employment consequences. Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

## FIFTH CAUSE OF ACTION

**(Discrimination in Violation of The California Fair Employment Housing Act)**

57. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above as if set forth more fully and at length herein.

58. The California Fair Employment Housing Act ("FEHA") prohibits employers from "discriminat[ing] against [a] person in compensation or in terms, conditions, or privileges of employment" because of a person's race or gender. Cal. Gov. Code § 12940(a). Defendant was Plaintiffs' employer within the meaning of this law.

59. By the actions described above, among others, Defendant discriminated against Plaintiff on the basis of her race and gender in violation of FEHA by denying her the same compensation, terms, conditions, or privileges of employment available to employees of other races and genders, including but not limited to, subjecting her to disparate working conditions

and a hostile work environment, and denying her terms and conditions of employment equal to that of employees who are not black or female.

60. Defendant's actions were taken under circumstances giving rise to an inference of discrimination.

61. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of FEHA, Plaintiff suffered and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of damages.

## SIXTH CAUSE OF ACTION

**(Hostile Work Environment Based on Race and Gender in Violation of the FEHA)**

62. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above as if set forth more fully and at length herein.

63. The FEHA prohibits racial and gender harassment in the workplace. Cal. Gov. Code § 12940(a).

64. Defendant's actions and inactions created a work environment that was objectively and subjectively offensive, severe and pervasive, and based on Plaintiff's race. As set forth above.

65. Plaintiff deserved to retain her employment free of racial and gender harassment with Defendant. Nevertheless, Defendant denied Plaintiff the benefits of employment, including all favorable conditions and emoluments thereof and created and allowed to exist a hostile, intolerable workplace exposing Plaintiff to racial and gender harassment by the actions and inactions of its employees and managers, of which Defendant was well aware of and without any non-discriminatory and non-harassing basis therefor.

66. Defendant's actions were taken under circumstances giving rise to an inference of discrimination.

67. As a direct and proximate result of Defendant's acts and omissions, Plaintiff suffered emotional distress and adverse employment consequences. Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and

emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

## SEVENTH CAUSE OF ACTION

### (Violation of the California Equal Pay Act)

68. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above as if set forth more fully and at length herein.

69. The California Equal Pay Act prohibits employers from paying "any of its employees at wage rates less than the rates paid to employees of the opposite sex for substantially similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions." Cal. Lab. Code § 1197.5.

70. Plaintiff deserved to receive equal pay as her male co-workers who held substantially similar positions that required substantially similar skill, effort, and responsibility under similar working conditions. Nevertheless, Defendant denied Plaintiff the benefit of employment, including all favorable conditions and emoluments thereof, because of Plaintiff's gender (female) and without any non-discriminatory basis thereof.

71. Defendant's actions were taken under circumstances giving rise to an inference of discrimination.

72. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered emotional distress and adverse employment consequences. Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief against Defendant:

    A.    Enter a declaratory judgment, stating that Defendant's practices, policies, and procedures subjected Plaintiff to discrimination and harassment based on race

    and gender as well as retaliation, making her work environment a hostile workplace in violation of Section 1981, Title VII, and FEHA.

  B. Enter a declaratory judgment, stating that Defendant's practices, policies, and procedures subjected Plaintiff to unequal pay based gender in violation of the Equal Pay Act and the California Equal Pay Act.

  C. Enjoin Defendant from implementing or enforcing any policy, procedure, or practice that denies employees of any race or gender the full and equal enjoyment of Defendant's benefits, pay increases, promotional opportunities, and advancement within the company, and specifically enjoin them to take the following steps to prevent harassment and discrimination based on race and gender, including but not limited to hostile work environment and racial and gender discrimination in its workplace:

    i. to develop, implement, promulgate, and comply with a policy providing for the training of each and every employee in the civil rights of employees in the workplace, including but not limited to discrimination and harassment based on race and gender as well as retaliation;

    ii. to develop, implement, promulgate, and comply with a policy providing for reporting and investigation of complaints regarding civil rights abuses, including but not limited to discrimination and harassment based on race and gender as well as retaliation;

    iii. to develop, implement, promulgate, and comply with a policy providing for disciplinary measures to be imposed upon any person found responsible for civil rights abuses, including but not limited to discrimination and harassment based on race and gender as well as retaliation;

  D. On all Causes of Action, enter judgment against the named Defendant and an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary damages, attorneys' fees, pre and post-judgment interest, in an amount, in excess of the jurisdictional limits of any

other court, to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable, and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of this action.

Dated: January 7, 2025                    Respectfully submitted,

*/s/ John K. Buche*
John K. Buche (SBN 239477) (Local Counsel)
THE BUCHE LAW FIRM, P.C.
901 S MoPac Expy, Bldg. 1, Ste. 300
Austin, TX 78746
Tel: (512) 215-4997
jbuche@buchelaw.com

Reyna Lubin (*pro hac vice* forthcoming)
EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
Tel: (212) 353-8700
Fax: (917) 591-2875
rlubin@eandblaw.com

*Attorneys for Plaintiff Jamira Burley*